UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:16-cv-00836-CAS(ASx) | Date | May 2, 2016 |
|---|---|---|---|
| Title | TIMOTHY J. TOBIN v. NATIONSTAR MORTGAGE, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** (IN CHAMBERS) - DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Dkts. 27 & 30, filed March 16, 2016)

**I.  INTRODUCTION**

On January 5, 2016, plaintiff Timothy J. Tobin filed the instant action in the San Luis Obispo County Superior Court against defendants Nationstar Mortgage LLC, erroneously sued as Nationstar Mortgage, Inc. ("Nationstar"); Bank of America, N.A. ("BANA"); Quality Loan Service Corporation ("Quality"); U.S. Bank, N.A. as trustee for Lehman XS Trust Mortgage Pass-through Certificates, Series 2006-12N ("U.S. Bank"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Does 1 through 10, inclusive (collectively, "defendants"). Dkt. 1. On the same day, defendants Nationstar, U.S. Bank, and MERS removed this action to federal court, asserting federal question jurisdiction. Id. BANA subsequently consented to the removal. Dkt. 20.

On February 29, 2016, plaintiff filed the operative first amended complaint (the "FAC") asserting the following claims: (1) wrongful disclosure; (2) breach of the covenant of good faith and fair dealing; (3) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g); (4) "declaratory relief";[1] (5) equitable estoppel; (6)

---

[1] Under California Code of Civil Procedure § 1060, a court may grant declaratory relief to "[a]ny person . . . who desires a declaration of his or her rights or duties with respect to another . . . in cases of actual controversy relating to the legal rights and duties of the respective parties." A declaratory judgment acts prospectively, to quiet actual controversies before they lead to "repudiation of obligations, invasion of rights or commission of wrongs." County of San Diego v. State, 164 Cal.App.4th 580, 607 (2008). A plaintiff may bring a claim for declaratory relief alone or with other claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:16-cv-00836-CAS(ASx) | Date | May 2, 2016 |
|---|---|---|---|
| Title | TIMOTHY J. TOBIN v. NATIONSTAR MORTGAGE, INC. ET AL. | | |

recission under TILA and Reg. Z., pursuant to 15 U.S.C. § 1635; (7) violation of the Real Estate Settlement Procedure Act ("RESPA"), 24 C.F.R. § 3500.15; (8) violation of California Bus. & Prof. Code §§ 17200, et seq. & 17500, et seq.; (9) violation of California Civil Code § 2924.10; and (10) violation of California Civil Code § 2923.7. See FAC.[2] The gravamen of plaintiff's complaint is that defendants initiated foreclosure proceedings on his property without the legal right to do so. Id.

On March 17, 2016, defendants MERS, Nationstar, and U.S. Bank filed a motion to dismiss the complaint. Dkt. 30 (Defs.' Mot.). BANA filed a separate motion to dismiss on the same day.[3] Dkt. 27 (BANA's Mot.). Both motions accompanied requests for judicial notice of documents related to the loan and a previous state court action involving the property at issue in this action.[4] Dkt. 29 (BANA's RJN) & 32 (Defs.'

---

Cal. Code Civ. P. § 1060. Plaintiff in the instant action "contends that an actual controversy exists as to the rights of Plaintiff and Defendants regarding Plaintiff's [Deed of Trust and Note]," and accordingly plaintiff "desires a judicial determination of [the parties'] rights and a declaration as to the duties and obligations of all Defendants in this controversy." FAC ¶¶ 135-36. Because this claim appears to be derivative of plaintiff's other claims, and premised upon the same theory regarding the invalidity of a 2010 assignment of the Deed of Trust, discussed *infra*, the Court grants defendants' motion to dismiss this claim without prejudice.

[2] Plaintiff filed the instant first amended complaint as a matter of right, pursuant to Federal Rule of Civil Procedure 15(a), after defendants MERS, Nationstar, and U.S. Bank filed a motion to dismiss the original complaint on February 12, 2016. Dkt. 12.

[3] For purposes of this order, the Court refers collectively to all defendants, including BANA, as "defendants."

[4] The Court may take judicial notice of matters of public record outside the pleadings that are not subject to reasonable dispute. Fed. R. Evid. 201(b); see also Skilstaf, Inc. v. CVS Caremark Corp., 669 F.3d 1005, 1016, n.9 (9th Cir. 2012). Defendants filed a Request for Judicial Notice ("RJN") with their motions, requesting judicial notice of certain records related to plaintiff's loan and property ownership and documents in the underlying state court action. These requests are unopposed. The Court takes judicial notice of the documents submitted by defendants because they are not subject to reasonable dispute and are proper subjects of judicial notice. See, e.g., W.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:16-cv-00836-CAS(ASx) | Date | May 2, 2016 |
|---|---|---|---|
| Title | TIMOTHY J. TOBIN v. NATIONSTAR MORTGAGE, INC. ET AL. | | |

RJN). Plaintiff filed oppositions to both motions on March 29, 2016. Dkts. 40 (Pl.'s Opp'n) & 41 (Pl.'s BANA Opp'n). Defendant BANA filed a reply on April 1, 2016, and defendants MERS, Nationstar, and U.S. Bank filed a reply on April 4, 2016. Dkts. 45 & 47. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

On or about May 24, 2006, plaintiff obtained a $1,500,000 loan from Countrywide Home Loans, Inc. ("Countrywide") secured by a Deed of Trust (the "DOT") on the real property located at 154 Shoals Drive, Pismo Beach, CA 93449 (the "Subject Property"). FAC ¶¶ 2-3 & 11. The Deed of Trust designates Countrywide as the lender, defendant MERS as nominee for the lender, and ReconTrust Company ("ReconTrust") as the trustee. FAC, Ex. A. Defendant BANA purchased Countrywide in 2008 and thereafter became the successor-in-interest on the loan. FAC ¶ 3.

In November 2010, MERS transferred the interest in the loan to defendant U.S. Bank, as trustee for the "LXS 2006-12N Trust Fund" (the "Securitized Trust"), and recorded the transfer on November 24, 2010. Id. ¶ 5; Defs.' RJN, Ex. 5. Plaintiff alleges, however, that this 2010 transfer of the Deed of Trust occurred "well after" the Securitized Trust's closing date, such that "any purported interest in the [plaintiff's] Note/Deed received by the named defendants through an assignment or transfer is void." FAC ¶¶ 14, 84-85. This alleged void assignment is the gravamen of plaintiff's allegations in the instant action.

On November 12, 2010, ReconTrust recorded a notice of default and election to sell the Subject Property. Defs.' RJN, Ex. 7. A few months later, in February 2011, ReconTrust recorded a notice of trustee's sale, which indicated that a foreclosure sale on the Subject Property would occur on March 18, 2011. Defs.' RJN, Ex. 8. On March 16, 2011, two days before the sale was to take place, plaintiff filed suit in the San Luis Obispo County Superior Court (the "State Action") against Countrywide, MERS, BANA,

---

Fed. Sav. & Loan Ass'n v. Heflin Corp., 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county public record and the entire state court file of a related action).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       'O'

| Case No. | 2:16-cv-00836-CAS(ASx) | Date | May 2, 2016 |
|---|---|---|---|
| Title | TIMOTHY J. TOBIN v. NATIONSTAR MORTGAGE, INC. ET AL. | | |

BAC Home Loans Servicing LP, U.S. Bank, ReconTrust, and Does 1-50 (collectively, the "State Action defendants"). Defs.' RJN, Ex. 9.

      In the State Action, plaintiff sought an injunction and asserted claims for: (1) declaratory relief, (2) quiet title, (3) fraudulent and wrongful disclosure, and (4) unfair business practices. Id. All of these claims arose out of the alleged wrongful pending foreclosure proceeding of the Subject Property by the State Action defendants. In brief, plaintiff alleged that the defendants named in the State Action lacked the legal right to foreclose upon the Subject Property because they engaged in "predatory" conduct both through their sub-prime loan terms and by improperly assigning his note and mortgage to subsequent parties. See, e.g., Defs.' RJN Ex. 9, at ¶ 2-5 ("Plaintiff further alleges that the Trustee Sale which is allegedly taking place on March 18, 2011 is fraudulent in that the Holder in Due Course was not the party that commenced the non-judicial foreclosure process . . . Plaintiff would hope that the Court would want to see in addition to the original note the documentation from the Defendants that would prove that the original note had been duly and timely negotiated and transferred between all the alleged assignees"); Id. at ¶ 7 ("[Plaintiff] has never received any notice of a change of beneficiary and/or assignment of the beneficial interest in the DOT.").

      In November 2011, the Superior Court issued an order sustaining defendants' demurrer as to all of plaintiff's claims without leave to amend. Defs.' RJN, Ex. 11 (State Action Final Judgment). On January 17, 2013, for reasons that are not apparent from the current record or the operative complaint, ReconTrust rescinded the trustee's sale notices through the filing of a recorded instrument. See BANA's RJN 2 & 4.

      In October 2014, U.S. Bank appointed Quality as substitute trustee, and on December 2, 2014, Nationstar executed the recorded substitution as attorney-in-fact. Defs.' RJN, Ex. 13. On December 2, 2014, Quality recorded a notice of default indicating arrearages in the amount of $385,770.39. Defs.' RJN, Ex. 14. Quality later recorded two notices of trustee's sales, the first on April 20, 2015 (indicating that a foreclosure sale was to take place on June 5, 2015), and another on November 11, 2015 (indicating that a foreclosure sale was to take place on December 4, 2015). BANA's RJN 6-7. Despite these notices of foreclosure sales, the Subject Property appears not to have been foreclosed upon or sold. Defs.' Mot. at 3. Plaintiff does not allege that a trustee sale is imminent or otherwise pending.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-00836-CAS(ASx) | Date | May 2, 2016 |
| Title | TIMOTHY J. TOBIN v. NATIONSTAR MORTGAGE, INC. ET AL. | | |

On January 5, 2016, plaintiff filed the instant action in the San Luis Obispo County Superior Court. Shortly thereafter, on January 11, 2016, plaintiff filed a chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Central District of California. Defs.' RJN, Ex. 17. However, on January 27, 2016, the bankruptcy court dismissed the case due to plaintiff's failure to file the proper paperwork, including schedules for plaintiff's assets. Defs.' RJN, Ex. 18.

### III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-00836-CAS(ASx) | Date | May 2, 2016 |
| Title | TIMOTHY J. TOBIN v. NATIONSTAR MORTGAGE, INC. ET AL. | | |

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee, 250 F.3d at 689.

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV. DISCUSSION

### A. Plaintiff Has Standing to Bring the Instant Action

As a threshold matter, defendants contend that, because plaintiff filed for bankruptcy in January 2016 without scheduling the Subject Property as an asset, the Subject Property remains part of the bankruptcy estate, such that plaintiff cannot bring the instant action in this court. Defs.' Mot. at 3-4. Plaintiff, on the other hand, asserts that the bankruptcy case has been "fully dismissed and closed," such that plaintiff has standing to bring the instant action. Pl.'s Opp'n at 3. For reasons explained below, the Court finds that plaintiff has standing to bring the instant action.

Although both plaintiff and defendants assert that the bankruptcy proceedings were *"closed,"* see Pl.'s Opp'n at 3, Defs.' Mot. at 4 (discussing "closed" bankruptcy proceedings), in actuality, plaintiff's bankruptcy case was *"dismissed,"* see Defs.' RJN, Ex. 18. Crucially, "[a]n order dismissing a bankruptcy case accomplishes a completely different result than an order closing it would and is not an order closing." In re Income Prop. Builders, Inc., 699 F.2d 963, 965 (9th Cir. 1982).

A bankruptcy proceeding is closed "after the bankruptcy proceedings are completed. At that time the debts of the bankrupt are usually discharged and the proceeds of debtor's nonexempt assets divided among creditors." Id. In certain

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-00836-CAS(ASx) | Date | May 2, 2016 |
| Title | TIMOTHY J. TOBIN v. NATIONSTAR MORTGAGE, INC. ET AL. | | |

circumstances, a property may remain part of a bankruptcy estate when one fails to schedule the property as an asset during the proceeding and the proceeding is subsequently closed. See, e.g., In re Rankin, 438 F. App'x 420, 425 (6th Cir. 2011) ("As a putative asset, the Rankins' suit against the Title Defendants was not part of their bankruptcy schedule and, therefore, remains part of the bankruptcy estate."). However, dismissals—unlike closings—"undo the bankruptcy case, as far as practicable, and [ ] *restore all property rights to the position in which they were found at the commencement of the case*." In re Nash, 765 F.2d 1410, 1414 (9th Cir. 1985) (internal citations omitted) (emphasis added).

Accordingly, on account of the bankruptcy court's *dismissal* of the bankruptcy proceeding, plaintiff is solely responsible for the debts under the loan at issue in this case, and therefore has standing to bring the instant action.

### B. Res Judicata Bars Four of Plaintiff's Claims as to Conduct that Occurred Before the State Action

Defendants argue that under the doctrine of res judicata, the Superior Court's 2011 judgment in the State Action bars many of plaintiff's claims in the instant suit. Defs.' Mot. at 5. "Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised *or could have been raised* in a prior action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir.2002) (internal quotation marks omitted) (italics in original). Where, as here, an argument for application of res judicata is predicated on a state court judgment, "the [c]ourt applies the res judicata and collateral estoppel rules of [that] state." Lodin v. Bank of America, N.A., 2014 WL 296927, *2 (N.D.Cal.2014); see also Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 364 (9th Cir.1993) ("The Full Faith and Credit Act, 28 U.S.C. § 1738, requires that we give the same preclusive effect to a state-court judgment as another court of that state would give.") (internal quotation marks omitted).

California courts apply res judicata when "(1) [a] claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding." Boeken v. Philip Morris USA, Inc., 48 Cal.4th 788, 797 (2010) (internal quotation marks omitted). In applying these three factors, the Court finds four of plaintiff's claims in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-00836-CAS(ASx) | Date | May 2, 2016 |
| Title | TIMOTHY J. TOBIN v. NATIONSTAR MORTGAGE, INC. ET AL. | | |

instant action to be barred by the doctrine of res judicata, at least as to conduct that occurred prior to the State Action.

### 1. Identical Claims and the Primary Rights Theory

To determine whether the same claim has been raised for purposes of res judicata, California courts apply the "primary rights" theory, "under which the invasion of one primary right gives rise to a single cause of action." Slater v. Blackwood, 15 Cal. 3d 791, 795 (1975) (citation and internal quotation marks omitted); see also Acuña v. Regents of the Univ. of Cal., 56 Cal. App. 4th 639, 648 (Cal. Ct. App. 1997) ("[T]wo actions constitute a single cause of action if they both affect the same primary right."). Accordingly, the Court must determine whether the State Action and the present action seek to redress the same primary right. "In determining the primary right, 'the significant factor is the harm suffered.'" Swartzendruber v. City of San Diego, 3 Cal. App. 4th 896, 904 (Cal. Ct. App. 1992) (citations omitted). "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys., 568 F.3d 725, 734 (9th Cir. 2009).

Both here and in the prior State Action, plaintiff alleged that due to various defects in the assignment of the Deed of Trust, defendants lack the legal right to foreclose upon the Subject Property. See generally FAC. Specifically, plaintiff's claims in both actions involve the same property and stem from the same allegedly improper assignment of the Deed of Trust—i.e., the 2010 assignment of the Deed of Trust to U.S. Bank. Compare FAC ¶ 85 (challenging "the Assignment purporting to transfer beneficial interests to U.S. BANK as trustee for the Securitized Trust in 2010" and alleging that any purported interest in the Deed of Trust "received by the named Defendants [in this action] through an assignment or transfer is void") with Defs.' RJN, Ex. 11, Ex. A (State Action Final Judgment) (stating that "[p]laintiff attacks the foreclosure primarily on the grounds MERS had no beneficial interest in the deed of trust to assign or transfer to U.S. Bank and none of the Defendants are 'holders in due course' of the original note").

Specifically, plaintiff's claims in the present action for (1) wrongful foreclosure, (2) breach of the covenant of good faith and faith dealing, (3) equitable estoppel, and (4) violations of California Bus. & Prof. Code § 17200, all seek to redress the same primary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-00836-CAS(ASx) | Date | May 2, 2016 |
| Title | TIMOTHY J. TOBIN v. NATIONSTAR MORTGAGE, INC. ET AL. | | |

right as that addressed in the State Action: the securitization of the loan, the transfer of the loan to U.S. Bank, U.S. Bank's status as the holder of the note, and the right to foreclose on the Subject Property.[5] These claims involve the same primary right as that litigated in the State Action and cannot be brought again in federal court.[6] See also Mendaros v. JPMorgan Chase Bank, N.A., 2014 WL 3373447, at *4 (N.D. Cal. Jul. 9, 2014) (state and federal lawsuits involved the same primary right, "the right to be free from an unlawful foreclosure"); Thomas v. Bank of America, N.A., 2013 WL 3992999, at *6 (S.D. Cal. Aug. 5, 2013) ("The primary right is Plaintiff's property right to the

---

[5] See FAC ¶ 84 (regarding plaintiff's wrongful foreclosure claim: " . . . no documents or records can be produced that demonstrate that prior to the closing date, the Deed of Trust was duly assigned, transferred, and delivered to the Trust including all intervening assignments . . . ."); Id. at ¶ 103 (regarding plaintiff's covenant of good faith and fair dealing claim: "[defendants are] attempting to collect on the Plaintiff's loan without any lawful standing to do so."); Id. at ¶ 139 (regarding plaintiff's equitable estoppel claim: ". . . [d]efendants knew or should have known that the [original] loan agreement [with Countrywide] which they claim ownership of and the right to enforce, was illegal, fraudulent, and unconscionable. . ."); Id. at ¶ 170 (regarding plaintiff's claim for violation of California Bus. & Prof. Code section 17200: "[d]efendants engaged in unlawful and decpetive business practices [by] . . . attempting to enforce a DOT and a Note to which Defendant's have no legal standing or authority to do so.").

[6] Plaintiff also suggests that he can avoid the effect of claim preclusion by bringing additional claims in the instant suit. Pl.'s Opp'n at 4. While it is true that plaintiff raises several additional claims in the present action, "California, as most states, recognizes that the doctrine of res judicata will bar not only those claims actually litigated in a prior proceeding, but also claims that could have been litigated." Palomar Mobile Home Park Ass'n, 989 F.2d at 364. The claims for wrongful foreclosure, breach of the covenant of good faith and faith dealing, equitable estoppel, and violations of California Bus. & Prof. Code § 17200 in the present action involve the same primary right as plaintiff's claims in the State Action, and thus, there is an identity of claims for res judicata purposes. See also Poulson v. Bank of America Nat. Ass'n, 2015 WL 756949, at *4 (C.D. Cal. Feb. 23, 2015) ("The fact that plaintiffs may have recast their theories or added additional facts in the present action does not change the outcome."); Rodriguez v. Bank of New York, 2014 WL 229274, at *6 ("Plaintiff's new claims in this Court arise from the same foreclosure process and documents as the state court actions and therefore arise out of the same primary right.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-00836-CAS(ASx) | Date | May 2, 2016 |
| Title | TIMOTHY J. TOBIN v. NATIONSTAR MORTGAGE, INC. ET AL. | | |

subject property. The harm for which Plaintiff sought relief in state court is the same harm for which he now seeks to hold defendants liable which is the foreclosure of his property.").

Furthermore, the Court notes that irrespective of the res judicata effect of the State Action, plaintiff's reliance upon the California Supreme Court's recent decision in Yvanova v. New Century Mortgage Corp, 62 Cal.4th 919 (2016) is misplaced. Plaintiff appears to contend that under Yvanova, plaintiff has standing to challenge a party's right *to initiate* non-judicial foreclosure proceedings on the grounds that the party seeking to foreclose allegedly gained the right to do so via a void assignment of the Deed of Trust. See Pl.'s Opp'n at 4-5. It is true that in Yvanova, the California Supreme Court held that *after a property is foreclosed upon*, a borrower has standing to sue for wrongful foreclosure where an alleged defect in the assignment renders the assignment void. Yvanova, 62 Cal.4th at 942-43. However, the Court was careful to limit its holding in Yvanova:

> Our ruling in this case is a narrow one. We hold only that a borrower who has suffered a nonjudicial foreclosure does not lack standing to sue for wrongful foreclosure based on an allegedly void assignment merely because he or she was in default on the loan and was not a party to the challenged assignment. *We do not hold or suggest that a borrower may attempt* **to preempt a threatened nonjudicial foreclosure** *by a suit questioning the foreclosing party's right to proceed.*

62 Cal. 4th 919, 924 (2016) (emphasis added).

Here, plaintiff is indeed attempting "to preempt a threatened nonjudicial foreclosure by a suit questioning the foreclosing party's right to proceed." Id. Specifically, plaintiff alleges that defendants improperly assigned his Deed of Trust to the Securitized Trust after its closing date in violation of both California case law and the Pooling and Servicing Agreement which dictates the terms of the trust, such that (1) the assignment was ineffective (in plaintiff's view), (2) defendants have since "been collecting and attempting to enforce a debt without any legal right to do so." FAC ¶ 85.

The California Court of Appeal for the Fourth District recently considered and rejected a similar argument in a decision that post-dates Yvanova. See Saterbak v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-00836-CAS(ASx) | Date | May 2, 2016 |
| Title | TIMOTHY J. TOBIN v. NATIONSTAR MORTGAGE, INC. ET AL. | | |

JPMorgan Chase Bank, N.A., 199 Cal.Rptr.3d 790 (2016). In Saterbak, the court noted that "[b]ecause [plaintiff] brings a preforeclosure suit challenging [d]efendant's ability to foreclose,' and "Yvanova's ruling is expressly limited to the *post*-foreclosure context," Yvanova therefore "does not alter [plaintiff's] standing obligations." Id. at 796 (emphasis added). The court explained that "California courts do not allow such preemptive suits because they 'would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature.' " Id. at 795 (quoting Jenkins v. JP Morgan Chase Bank, N.A., 216 Cal.App.4th 497, 513, 156 (2013), disapproved on other grounds by Yvanova, 62 Cal.4th at 939 n.13). As the Court of Appeal for the Fourth District noted in another case, "California's nonjudicial foreclosure law does not provide for the filing of a lawsuit to determine whether [an entity] has been authorized by the holder of the Note to initiate a foreclosure." Gomes v. Countrywide Home Loans, Inc., 192 Cal.App.4th 1149, 1156 (2011). Indeed, allowing a borrower "to impose the additional requirement that [an entity seeking to foreclose on a property] demonstrate in court that it is authorized to initiate a foreclosure . . . would be inconsistent with the policy behind nonjudicial foreclosure of providing a quick, inexpensive and efficient remedy." Id. at 1154 n.5. Accordingly, the Court here cannot conclude, as plaintiff appears to contend, that under Yvanova plaintiff has standing to challenge a party's right *to initiate* non-judicial foreclosure proceedings based upon an allegedly void assignment of the Deed of Trust.[7] See Pl.'s Opp'n at 4-5.

---

[7] As an additional point warranting dismissal in Saterbak, the Court of Appeal explained that "Yvanova recognizes borrower standing only where the defect in the assignment renders the assignment *void*, rather than *voidable*," and "expressly offers no opinion as to whether, under New York law, an untimely assignment to a securitized trust made after the trust's closing date is void or merely voidable." Saterbak, 199 Cal. Rptr. 3d at 796 (citations omitted). The Court of Appeal accordingly concluded that "such an assignment"—which also appears to form the basis of plaintiff Tobin's allegations here—"is merely voidable" and not void. Id. (citing Rajamin v. Deutsche Bank Nat'l Trust Co., 757 F.3d 79, 88–89 (2d Cir.2014) ("[T]he weight of New York authority is contrary to plaintiffs' contention that any failure to comply with the terms of the PSAs rendered defendants' acquisition of plaintiffs' loans and mortgages void as a matter of trust law."). "Consequently, Saterbak[, like Tobin here,] lack[ed] standing to challenge alleged defects in the . . . assignment of the [Deed of Trust]." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-00836-CAS(ASx) | Date | May 2, 2016 |
| Title | TIMOTHY J. TOBIN v. NATIONSTAR MORTGAGE, INC. ET AL. | | |

In accordance with the foregoing analysis, the Court finds that plaintiff's claims for wrongful foreclosure, breach of the covenant of good faith and faith dealing, equitable estoppel, and violations of California Bus. & Prof. Code § 17200 involve the same primary right as plaintiff's claims in the State Action, such that there is an identity of claims for res judicata purposes.

### 2. The State Action Ended with a Final Judgment on the Merits

The second element of res judicata requires a final judgment on the merits. People v. Scott, 85 Cal. App. 4th 905, 919 (2000) ("[I]n order for res judicata or collateral estoppel to apply there must be a final judgment or determination of an issue; that is, a judgment or determination that is final in the sense that no further judicial act remains to be done to end the litigation.").

In the State Action, defendants filed a demurrer to plaintiff's complaint. Defs.' RJN Ex. 11. This demurrer was sustained without leave to amend. Id. Courts have routinely held that, pursuant to California law, sustaining a general demurrer and dismissing a case with prejudice constitutes a judgment on the merits. See, e.g., Mohsenzadeh v. JPMorgan Chase Bank, N.A., 2015 WL 1346130, at *5 (S.D. Cal. Mar. 25, 2015) ("A general demurrer has been held to be a judgment on the merits for purposes of res judicata and collateral estoppel in California state and federal courts."); Moore v. Navarro, 2004 WL 783104, at *6 (N.D. Cal. Mar. 31, 2004) ("[T]he judgment sustaining the demurrer to [plaintiff's] state court action was a judgment on the merits").

Accordingly, the Superior Court's order dismissing the State Action with prejudice constitutes a final judgment on the merits.

### 3. Privity of the Parties is Established

Plaintiff attempts to avoid the res judicata effect of the State Action by arguing that his new claims are "against numerous new Defendants (some of whom did not have an interest in the Plaintiff's Loan during the prior suit)." Pl.'s Opp'n at 4. For the final element of res judicata, the defendants in the present action must be identical to, or in privity with, the defendants in the prior action. Boeken, 48 Cal.4th at 797. Privity may be established by "a mutual *or successive relationship* to the same rights of property, or to such an identification in interest of one person with another as to represent the same

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-00836-CAS(ASx) | Date | May 2, 2016 |
| Title | TIMOTHY J. TOBIN v. NATIONSTAR MORTGAGE, INC. ET AL. | | |

legal rights." Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n, 60 Cal. App. 4th 1053, 1069 (1998) (emphasis added).

Defendants BANA, U.S. Bank, and MERS were named as defendants in the State Action. See Defs.' RJN, Ex. 9. Furthermore, while Nationstar and Quality were not named in the State Action, both of these defendants hold a successive interest in either the subject property or plaintiff's loan. Specifically, U.S. Bank appointed Quality as substitute trustee in October 2014, and Nationstar currently services plaintiff's loan for U.S. Bank. FAC ¶¶ 2-3. Accordingly, all of the defendants in the present action are either the same or in privity with the defendants in the State Action. See also Janson v. Deutsche Bank National Trust Co., 2015 WL 1250092, at *10 (N.D. Cal. Mar. 18, 2015) (privity requirement satisfied where "Plaintiff [sued] all of the Defendants because of their relationship to his mortgage"); O'Connor v. Nationstar Mortgage, L.L.C., 2014 WL 1779338, at *8 ("Nationstar obtained an assignment of the deed of trust to the property from Aurora, which was a named defendant in the state court action . . . *Nationstar is, therefore, in privity with Aurora for the purposes of res judicata*.") (emphasis aded).

### 4. Conclusion

In accordance with the foregoing, because defendants have established all three elements of res judicata, plaintiff's claims related to improper foreclosure proceedings—wrongful foreclosure, breach of covenant of good faith and faith dealing, equitable estoppel, and violations of California Bus. & Prof. Code § 17200—are barred on the basis of claim preclusion.

### C. Plaintiff's TILA Claims

#### 1. The Statute of Limitations Has Run on Plaintiff's Improper Disclosures Claim under TILA (15 U.S.C. § 1641(g))

Plaintiff contends that defendants violated TILA in failing to provide notice of either (1) the November 24, 2010 assignment of the Deed of Trust to U.S. Bank, or (2) the August 30, 2013 assignment to Nationstar. FAC ¶ 17. In a mortgage transaction of this kind, TILA requires, among other things, particular disclosures that clearly notify the borrower of the nature of the transaction, including notice of a new creditor, within 30 days of the assignment. 15 U.S.C. § 1641(g) ("Section 1641(g)").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-00836-CAS(ASx) | Date | May 2, 2016 |
| Title | TIMOTHY J. TOBIN v. NATIONSTAR MORTGAGE, INC. ET AL. | | |

TILA claims have a one-year statute of limitations. 15 U.S.C. § 1640(e) ("[A]ny action under this section may be brought . . . within one year from the date of the occurrence of the violation . . . ."). Accordingly, the statute of limitations on plaintiff's TILA claim under Section 1641(g) began to run thirty days after the transfers to U.S. Bank and Nationstar in 2010 and 2013, respectively. Accordingly, the statute of limitations as to these transfers has long since expired.

Plaintiff nonetheless contends that the statute of limitations should be equitably tolled because he was unable to discover the alleged TILA violations until he obtained the assistance of counsel in November 2015. FAC ¶ 18. It is true that "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King v. State of Cal., 784 F.2d 910, 915 (9th Cir. 1986). For example, "[e]quitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." Stoll v. Runyon, 165 F.3d 1238, 1242 (9th Cir. 1999).

However, plaintiff has not pled that any circumstances warranting equitable tolling exist here. Indeed, plaintiff concedes in his complaint that the assignments to U.S. Bank and Nationstar were publicly recorded. FAC ¶¶ 111-12. Accordingly, plaintiff had reasonable opportunity to discover the alleged disclosure violations and is barred by the statute of limitations from bringing these TILA claims. See Dela Cruz v. HSBC Bank USA, N.A., 2013 WL 1759001, at *1 (D. Nev. Apr. 23, 2013) ("Here, there is no basis to equitably toll the statute of limitations . . . since the recording of the Assignment provided Plaintiffs with constructive notice of the Assignment for the entire duration of the statute-of-limitations period."); Sokol v. JPMorgan Chase Bank, N.A., 2013 WL 6623897, at *3 (N.D. Cal. Dec. 16, 2013) (rejecting plaintiff's equitable tolling argument, noting that defendants "made no secret of the assignment of Plaintiffs First DOT, having publically recorded it with the county recorder's office," and "the recording of this assignment provided Plaintiffs with constructive notice of the assignment"); Brown v. U.S. Bank Nat'l Ass'n, 2013 WL 4538131, at *2 (N.D. Cal. Aug. 23, 2013) ("Plaintiff concedes that the transfer was a matter of public record, and provides no reason, other than the alleged violation itself, to equitably toll the statute of limitations."); Galvin v. EMC Mortgage Corp., 2013 WL 1386614, at *15 (D.N.H. Apr. 4, 2013) ("The Galvins themselves allege in their complaint that the assignment in question was recorded. . . . In other words, from that date forward, [defendant] made no secret of its possession of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 2:16-cv-00836-CAS(ASx) | Date | May 2, 2016 |
|---|---|---|---|
| Title | TIMOTHY J. TOBIN v. NATIONSTAR MORTGAGE, INC. ET AL. | | |

Galvins' mortgage; the assignment was a matter of public record that the Galvins easily could have discovered had they desired.").

### 2. The Statute of Limitations has Run on Plaintiff's Rescission Claim under TILA (15 U.S.C. § 1635)

TILA also provides that a borrower has an unconditional right to rescind a loan "until midnight of the third business day following the consummation of the transaction or the delivery of the [disclosures required by the Act], whichever is later, by notifying the creditor . . . of his intention to do so." 15 U.S.C. § 1635(a). After this three-day period, a borrower then has a conditional right to rescind "only if the lender failed to satisfy the Act's disclosure requirements." Jesinoski v. Countrywide Home Loans, Inc., 135 S. Ct. 790, 792 (2015). The conditional right to rescind "expire[s] three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first." 15 U.S.C. § 1635(f). A borrower's right to rescind is "completely extinguishe[d]" at the end of the three-year period. Beach v. Ocwen Federal Bank, 523 U.S. 410, 412 (1998) ("[Section] 1635(f)'s plain language evidences an unconditional congressional intent to limit the right of rescission to three years.").

Plaintiff acknowledges that he executed the Deed of Trust on the subject property on or about May 26, 2006. FAC ¶ 11. Depending on the exact date of the transaction or sale, and taking the allegations of disclosure failures in the complaint as true, plaintiff's right of rescission expired no later than May 2009. According to the operative complaint, plaintiff did not make any rescission notification effort until November 11, 2013—well past the expiration of the statutory time limit. FAC ¶ 149. Accordingly, plaintiff's attempt to rescind pursuant to TILA is time-barred. Of course, because plaintiff did not timely deliver a notice of rescission, there can be no damages for defendant's failure to respond to it.

### 3. Conclusion

In accordance with the forgoing, both of plaintiff's two claims for relief under TILA are dismissed without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 2:16-cv-00836-CAS(ASx) | Date | May 2, 2016 |
|---|---|---|---|
| Title | TIMOTHY J. TOBIN v. NATIONSTAR MORTGAGE, INC. ET AL. | | |

### D. Plaintiff's RESPA Claim

Plaintiff alleges that defendants violated RESPA's prohibition against "illegal kickbacks, fee-splitting, and referral fees." FAC ¶¶ 158-159 (citing 12 U.S.C. § 2607(a)). Defendants contend that plaintiff's RESPA claim under 12 U.S.C. § 2607 is barred by the relevant one-year statute of limitations. Defs.' Mot. at 12; See 12 U.S.C. § 2614 (A RESPA claim must be brought "1 year in the case of a violation of section 2607 . . . .").

The Court finds that plaintiff's RESPA claim is time-barred. Plaintiff's loan closed in 2006, FAC ¶ 11, and pursuant to the one year limitations, plaintiff was required to assert his RESPA claim in 2007, within one year after he acquired the loan at issue. To the extent that equitable tolling may apply to plaintiff's RESPA claim, plaintiff has failed to plead any specific facts demonstrating the applicability of equitable tolling. Specifically, plaintiff has failed to plead any facts demonstrating that he could not have discovered the alleged RESPA violations by exercising due diligence. Cf. Brewer v. Indymac Bank, 609 F.Supp.2d 1104, 1118 (E.D. Cal. 2009) (finding plaintiff sufficiently pled "excusable delay" in filing RESPA claim because defendants allegedly concealed the details of the fraudulent transfer and the accompanying secret profit which gave rise to the RESPA claim).

In accordance with the foregoing, plaintiff's RESPA claim is dismissed without prejudice.

### E. Plaintiff's Remaining State Law Claims Under California Civil Code §§ 2924.10 & 2923.7

Finally, plaintiff asserts claims for violations of California Civil Code Sections 2924.10 against all defendants, and California Civil Code Section 2923.7 against Nationstar only. Section 2924.10 requires mortgage servicers to reply within five days of receipt of a borrower's application for a loan modification. See Cal. Civ. Code § 2924.10. Section 2923.7 requires mortgage servicers to appoint a single point of contact upon request of a borrower who applies for a loan modification. See Cal. Civ. Code § 2923.7. Plaintiff alleges that he submitted a complete loan modification to Nationstar on January 5, 2016, and requested an individual point of contact on that same day. FAC ¶¶ 185-86.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**        'O'

| Case No. | 2:16-cv-00836-CAS(ASx) | Date | May 2, 2016 |
|---|---|---|---|
| Title | TIMOTHY J. TOBIN v. NATIONSTAR MORTGAGE, INC. ET AL. | | |

     First, the Court notes that Sections 2924.10 and 2923.7 specifically impose duties only on the *mortgage servicer*. See Cal. Civ. Code § 2924.10(a) ("[T]he mortgage servicer shall provide written acknowledgment of the receipt of the documentation within five business days of receipt. . . ."); Cal. Civ. Code § 2923.7(a) ("Upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact."); Jones v. Aegis Wholesale Corp., 2015 WL 9260837, at *4 (E.D. Cal. Dec. 18, 2015) ("The Court agrees that the language of section 2924.10 places a duty only on a mortgage servicer."). Accordingly, both of these claims apply only to Nationstar, the mortgage servicer in this action (see FAC ¶ 4), and not the remaining defendants. Therefore, these claims are dismissed without prejudice as to all other defendants.

     Second, the Court notes that while a plaintiff may be entitled to damages or injunctive relief for violations of section 2924.10 and section 2923.7, damages as requested by plaintiff here are unavailable prior to the recordation of a trustee's deed upon sale. See Cal. Civ. Code § 2924.12(b). Because plaintiff's property has not been foreclosed upon, he is not entitled to damages. Furthermore, a plaintiff is only entitled to injunctive relief as to a pending foreclosure sale. Cal. Civ. Code § 2924.12(a). Specifically, in order to sustain an action under section 2924.10 or section 2923.7, plaintiff must show that his home has been foreclosed upon or that a foreclosure sale is pending; otherwise, these claims fail as a matter of law. See Johnson v. Select Portfolio Servicing, Inc., 2016 WL 837895, at *3 (C.D. Cal. Mar. 3, 2016) (dismissing action without leave to amend because the property had not been foreclosed and there was no foreclosure sale pending). Because plaintiff has not alleged that a foreclosure sale is imminent or otherwise pending at this time, plaintiff is not entitled to injunctive relief.

     Finally, these claims only apply to "to first lien mortgages . . . that are secured by owner-occupied residential real property . . . For these purposes, 'owner-occupied' means that the property is the principal residence of the borrower and is security for a loan made for personal, family, or household purposes." Cal. Civil Code § 2924.15(a). Plaintiff here has not specifically pled that he occupies the Subject Property for personal, family, or household purposes.

     Accordingly, the Court concludes that plaintiff's claims under California Civil Code §§ 2924.10 and 2923.7 must be dismissed without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-00836-CAS(ASx) | Date | May 2, 2016 |
| Title | TIMOTHY J. TOBIN v. NATIONSTAR MORTGAGE, INC. ET AL. | | |

## V.   CONCLUSION

In accordance with the foregoing, defendants' motions to dismiss, dkts. 27 and 30, are **GRANTED** without prejudice.

Plaintiff is granted **twenty-one (21) days** to file a second amended complaint addressing the deficiencies identified herein. Failure to do so may result in dismissal with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |